UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JATAVIOUS KAWAN WEBSTER,

        Petitioner,

v.                                                    Case No. 23-cv-1348-bhl

TIM THOMAS,[1]

        Respondent.

## ORDER DENYING § 2254 HABEAS PETITION

        On June 11, 2015, Petitioner Jatavious Kawan Webster was charged in Milwaukee County Circuit Court with three felony offenses relating to a hit-and-run accident in which Webster ran a red light and crashed into another car, killing a passenger in the other vehicle. After initially entering a guilty plea on the most severe of the charges and being sentenced to 12 years in state prison followed by 6 years of extended supervision, Webster successfully moved to withdraw his guilty plea. Shortly thereafter, Webster agreed to plead guilty to the same charge again. A new judge then handled Webster's second sentencing and imposed a sentence of 15 years in prison followed by 10 years of extended supervision. Webster appealed, arguing that the latter judge's imposition of a harsher sentence for the same crime after he withdrew his first guilty plea violated his due process rights. When the state courts affirmed his sentence, Webster filed a petition for writ of habeas corpus in this Court, arguing that the Wisconsin Court of Appeals unreasonably applied federal law in rejecting his due process claim. Because Webster has not established that he is entitled to relief, his petition will be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

        On February 15, 2016, Webster pleaded guilty in Milwaukee County Circuit Court to hit-and-run involving death, a Class D felony. (ECF No. 11-1 at 1.) He was sentenced to 12 years in state prison followed by 6 years of extended supervision. (ECF No. 11-5 at 2.) After sentencing, Webster moved for postconviction relief, arguing that he had not understood the elements of the

---

[1] The Wisconsin Department of Corrections website indicates that Tim Thomas is now Warden at New Lisbon Correctional Institution, where Webster is incarcerated. Accordingly, Thomas is the appropriate Respondent for Webster's habeas petition. *See* Rule 2(a) of the Rules Governing § 2254 Cases; *see also* Fed. R. Civ. P. 25(d).

crime when he entered his plea. (*Id.*) The circuit court granted his motion, vacated his conviction, and allowed him to withdraw his plea. (*Id.*) Webster subsequently pleaded guilty to the same charge and this time was sentenced to 15 years in prison followed by 10 years of extended supervision. (*Id.*) Although all proceedings occurred in Milwaukee County Circuit Court, four different judges presided. (*Id.* at 2 n.2.) Judge M. Joseph Donald presided over Webster's first plea hearing and sentencing, Judge Carolina Maria Stark presided over his postconviction motion, Judge David A. Hansher presided over his second plea hearing, and Judge Janet C. Protasiewicz presided over his second sentencing. (*Id.*)

Following his second sentencing, Webster again moved for post-conviction relief, arguing that the circuit court erroneously exercised its discretion at sentencing. (*Id.* at 2.) The court denied his motion and Webster appealed, arguing that the judge's imposition of a harsher sentence was presumptively vindictive and violative of his due process rights. (*Id.*) The Wisconsin Court of Appeals summarily affirmed his conviction, concluding that Webster was not entitled to a presumption of vindictiveness under *North Carolina v. Pearce*, 395 U.S. 711 (1969), and that the circuit court properly exercised its sentencing discretion. (*Id.* at 3–4.) Webster petitioned for review in the Wisconsin Supreme Court, but it denied his request on September 26, 2023. (ECF No. 11-6 at 18.) This federal habeas petition followed. (ECF No. 1) [2]

## LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits a federal court's ability to grant habeas corpus relief. With respect to a claim adjudicated on the merits in state court, a habeas petition can be granted only if the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Cullen v. Pinholster*, 563 U.S. 170, 180–81 (2011). This standard is "highly deferential" and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citations omitted). It is intentionally very difficult to meet. *See Metrish v. Lancaster*, 569 U.S. 351, 357–58 (2013).

---

[2] In deciding a habeas petition, the Court presumes the facts set forth by the state courts are correct. 28 U.S.C. § 2254(e)(1). The petitioner has the burden of rebutting that presumption by "clear and convincing evidence." *Id.* The background facts are based on the Wisconsin Court of Appeals decision affirming Webster's sentence. (ECF No. 11-5.)

A state court decision is "contrary to . . . clearly established Federal law" within the meaning of Section 2254(d)(1), if the state court "applie[d] a rule different from the governing law set forth" by Supreme Court precedent or when the state court "decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 693–94 (2002). A state court decision involves an "unreasonable" application of established precedent under Section 2254(d)(2) when the "state court identifies the correct governing legal principle . . . but unreasonably applies it to the facts of the prisoner's case." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 413 (2000)). Under either prong, it is not enough that "a federal court believes the state court's determination was incorrect" or erroneous. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). Rather, the state court's application of clearly established law must be "objectively unreasonable, not merely wrong; even clear error will not suffice." *Woods v. Donald*, 575 U.S. 312, 316 (2015). The Supreme Court has repeatedly explained that "a federal habeas court may overturn a state court's application of federal law only if it is so erroneous that 'there is no possibility that fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents.'" *Nevada v. Jackson*, 569 U.S. 505, 508–09 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)).

## ANALYSIS

Webster's petition asserts two grounds for relief. He first alleges that his final sentencing judge erroneously exercised her discretion in imposing a harsher sentence after he withdrew his initial guilty plea and then repleaded guilty, in violation of his due process rights. (ECF No. 1 at 5.) Second, he alleges that the Wisconsin Court of Appeals unreasonably applied the U.S. Supreme Court precedent set forth in *North Carolina v. Pearce*, 395 U.S. 711 (1971), when it denied his due process claim. (ECF No. 1 at 7.) In both grounds, Webster contends that his second sentence violated his due process rights.

When a state court denies a petitioner's constitutional claim on the merits, this Court is limited to reviewing the state court's decision under the AEDPA standard. Thus, to obtain habeas relief, Webster must show that the Wisconsin Court of Appeals' decision denying his due process claim (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d); *Cullen*, 563 U.S. at 180–81. Because Webster cannot meet AEDPA's highly deferential standard, his petition will be dismissed.

In *Pearce*, the Supreme Court held that the Due Process Clause of the Fourteenth Amendment prevents a sentencing authority from imposing an increased sentence after reconviction following a new trial when that increase was motivated by vindictiveness. The Court stated:

> Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.
>
> In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding.

*Pearce*, 395 U.S. at 725–26. Although *Pearce* created a presumption of vindictiveness, "[t]he *Pearce* requirements . . . do not apply in every case where a convicted defendant receives a higher sentence after retrial." *Texas v. McCullough*, 475 U.S. 134, 138 (1986). Subsequent Supreme Court decisions have limited *Pearce*'s application to circumstances creating a need to "guard against vindictiveness in the resentencing process." *Id.* (quoting *Chaffin v. Stynchcombe*, 412 U.S. 17, 25 (1973)) (collecting cases). "Where the prophylactic rule of *Pearce* does not apply, the defendant may still obtain relief if he can show actual vindictiveness upon resentencing." *Id.* (citing *Wasman v. United States*, 468 U.S. 559, 569 (1984)).

The Wisconsin Court of Appeals acknowledged that Webster's due process claim relied on *Pearce* and its presumption of vindictiveness. (ECF No. 11-5 at 2.) But the court explained that *Pearce* does not apply in every situation where a defendant is given an increased sentence. (*Id.* at 3.) It cited *State v. Naydihor*, 678 N.W.2d 220 (Wis. 2004), in which the Wisconsin Supreme Court held "that a reasonable likelihood of vindictiveness exists only if there is a realistic possibility that the sentencing court, after being reversed, may engage in self-vindication and retaliate against the defendant for having successfully pursued appellate relief." (*Id.* at 3 (quoting *Naydihor*, 678 N.W.2d at 234).) The *Naydihor* court concluded that the *Pearce* presumption did not apply where the defendant, who faced resentencing after a successful claim of prosecutorial

error, was given a harsher sentence by a different judge and by a different circuit court than the court where the error occurred. 678 N.W.2d at 237.

Relying on *Naydihor*, the court of appeals concluded that no presumption of vindictiveness applied to Webster's resentencing. (ECF No. 11-5 at 3–4.) It noted that the judge who initially sentenced Webster was not the same judge who sentenced him after he pleaded guilty the second time and that Webster's initial conviction was not vacated because of an error by the circuit court judge who sentenced him the second time. (*Id.* at 3.) The court concluded that the second sentencing judge "had no motive to impose a longer sentence to retaliate against Webster." (*Id.*) The court also indicated that, even if the *Pearce* presumption applied, Webster would not be entitled to relief because the presumption "was rebutted by new objective information justifying Webster's increased sentence—the fact that he never received a driver's license, with the attendant training and skills testing that would have been required to do so—before the fatal and reckless car crash that killed one person and seriously injured another person." (*Id.* at 4.) Accordingly, the Wisconsin Court of Appeals concluded that the sentencing court properly exercised its discretion and denied Webster's appeal. (*Id.*)

Webster argues that the Wisconsin Court of Appeals was wrong in concluding that the *Pearce* presumption did not apply based on the fact that Webster was sentenced the second time by a different judge. (ECF No. 17 at 6.) He notes that *Pearce* itself involved two different sentencing judges. (*Id.*)

Webster's argument ignores the law's development after *Pearce*, and he has not shown that the state court's analysis was wrong, let alone objectively unreasonable. As Respondent correctly points out, Supreme Court caselaw strongly suggests (if not confirms) that the *Pearce* presumption does not apply to Webster's situation. (*See* ECF No. 16 at 9–10.) In *McCullough*, the Supreme Court clarified that *Pearce* should not be read to require a presumption of vindictiveness when a defendant is sentenced by two different authorities. In so holding, the Court acknowledged that the facts of *Pearce* could be read otherwise:

> *Pearce* itself apparently involved different judges presiding over the two trials, a fact that has led some courts to conclude by implication that the presumption of vindictiveness applies even where different sentencing judges are involved. That fact, however, may not have been drawn to the Court's attention and does not appear anywhere in the Court's opinion in *Pearce*. Clearly the Court did not focus on it as a consideration for its holding. Subsequent opinions have also elucidated the basis for the *Pearce* presumption. We held in *Chaffin v. Stynchcombe*, 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973),

> for instance, that the presumption derives from the judge's "personal
> stake in the prior conviction," a statement clearly at odds with
> reading *Pearce* to answer the two-sentencer issue. We therefore
> decline to read *Pearce* as governing this issue.

*McCullough*, 475 U.S. at 140 n.3 (citations omitted). The *McCullough* Court thus declined to apply the *Pearce* presumption to a defendant who received a greater sentence from a judge on retrial than he initially received from a jury, concluding that the "presumption is [] inapplicable because different sentencers assessed the varying sentences that [the defendant] received." *Id.* at 140.

*McCullough* followed *Colten v. Kentucky*, 407 U.S. 104 (1972), and *Chaffin v. Stynchcombe*, 412 U.S. 17 (1973), two cases in which the Supreme Court concluded that the *Pearce* presumption did not apply to a defendant's resentencing by a different sentencing authority. In *Colton*, the Court declined to apply the *Pearce* presumption to an enhanced penalty the defendant "received under Kentucky's two-tier system for adjudicating certain criminal cases, whereby a person charged with a misdemeanor may be tried first in an inferior court and, if dissatisfied with the outcome, may have a trial de novo in a court of general criminal jurisdiction but must run the risk, if convicted, of receiving a greater punishment." 407 U.S. at 105–06. The Court noted that the defendant was sentenced the second time by a different court and upon his own request for retrial. *Id.* at 116–17. It thus concluded that "the hazard of being penalized for seeking a new trial," which *Pearce* aimed to avoid, was not present and no presumption of vindictiveness was warranted. *Id.* A year later, the Court held in *Chaffin* that the *Pearce* presumption does not apply when a defendant is given a harsher sentence by a different jury on retrial. 412 U.S. at 18. Accordingly, the Supreme Court has confirmed on at least three occasions that no presumption of vindictiveness applies when a defendant is sentenced a second time by a different judge or sentencing authority. *See McCullough*, 475 U.S. at 137–40; *Chaffin*, 412 U.S. at 26–28; *Colten*, 405 U.S. 115–117.

Webster attempts to distinguish *Colten* factually, arguing that the defendant in that case was sentenced by a different court altogether. (ECF No. 17 at 7.) He insists his case is different because he was sentenced by two different judges in the same court. (*Id.*) He also points out that the change was not something he requested but was simply the result of Milwaukee County's judicial rotation system. (*Id.* at 6.) These factual distinctions, he argues, create "doubt about how the [S]upreme [C]ourt would resolve this case." (*Id.* at 7.)

Webster misunderstands the AEDPA standard applicable to his habeas petition. Even if the Supreme Court cases do not conclusively establish that the *Pearce* presumption would not apply to his case, the existence of some question as to *Pearce*'s applicability is insufficient to warrant habeas relief. Webster must establish that the Wisconsin Court of Appeals' denial of his claim "was contrary to, or involved an unreasonable application of, clearly established Federal law." *See* § 2254(d). Webster has not shown made this showing. Indeed, the state court's analysis and conclusion that the *Pearce* presumption was inapplicable to Webster were reasonable in light of the Supreme Court cases that followed *Pearce*. The Wisconsin Court of Appeals relied heavily on *Naydihor*, in which the Wisconsin Supreme Court applied an extensive review of *Pearce* and the cases that followed it before concluding that a defendant similarly situated to Webster was not entitled to a presumption of vindictiveness on resentencing. *See Naydihor*, 678 N.W.2d at 609–18 (collecting cases). Far from an unreasonable application of Federal law, *Naydihor* was the product of careful consideration of that law by the Wisconsin Supreme Court. In applying *Naydihor*'s reasoning to a factually similar defendant, the court of appeals likewise reached a decision that cannot be said, by any measure, to be an unreasonable application of Federal law.

Webster's remaining arguments also do not support habeas relief. He fails to point to evidence that would support a finding that his second sentence was the product of actual vindictiveness. Webster argues that "the resentencing court failed to make a sufficient record detailing her reasons for imposing an excessive sentence. Nowhere in the resentencing court[']s decision does the court point to any events or identifiable conduct on the part of Mr. Webster subsequent to the original sentencing proceeding which would have supported a longer sentence." (ECF No. 13 at 9.) He also emphasizes the second judge's reliance on the fact that he never received a driver's license and highlights the court of appeals' conclusion, in dicta, that his lack of a license was "new objective information" sufficient to rebut the *Pearce* presumption and justify Webster's sentence increase. (*Id.* at 3–11, 13–16; ECF No. 17 at 2–5.) Webster argues that this was not new information because it was available to the original sentencing judge. (*Id.*)

But these arguments assume that the *Pearce* presumption applies here. As the Court has explained, under subsequent Supreme Court caselaw, the Wisconsin Court of Appeals concluded that it does not. And, even if there was a question as to its application, Webster has not shown the Wisconsin Court of Appeals' conclusion was unreasonable. Absent *Pearce*'s presumption of vindictiveness, the second sentencing judge need only provide "an on-the-record, wholly logical, nonvindictive reason for the sentence." *McCullough*, 475 U.S. at 140. The record confirms that

the judge did so. (ECF No. 11-3 at 58–65.) Webster has not shown that the state court's findings on this issue were objectively unreasonable. Accordingly, Webster's petition for writ of habeas corpus will be denied.

## CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the rules Governing Section 2254 Cases, the Court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitution right. *See* 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is if "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). The Court declines to issue a certificate of appealability because reasonable jurists could not debate the Court's decision to deny the petition on the merits.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Webster's petition for writ of habeas corpus, ECF No. 1 is **DENIED**, and the case is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that because the Court does not find that a reasonable jurist could conclude that the petition should have been resolved in a different manner, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), a certificate of appealability **SHALL NOT ISSUE**.

Dated at Milwaukee, Wisconsin on October 29, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
